UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:14-CV-05536-CAS (VBKx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES, ET AL. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Patricia Gomez | Laura Elias | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Bradford Child | | Christine Cusick | |

**Proceedings:** DEFENDANT'S MOTION TO ENFORCE COURT'S ORDER COMPELLING ARBITRATION, OR, IN THE ALTERNATIVE, TO SELECT A THIRD ARBITRATOR (Dkt. 65, filed June 24, 2015)

## I. INTRODUCTION

Plaintiffs Anthony Nieves, Five Star Home Health, Inc., and Convergence Investments LLC (collectively, "plaintiffs") filed this action against defendant Philadelphia Indemnity Insurance Company ("Philadelphia") and other insurer defendants (collectively, "defendants") on May 22, 2014, in Los Angeles County Superior Court. Dkt. 1. Defendants removed the case to this Court on July 16, 2014. Id. On September 29, 2014, the Court ordered plaintiffs and Philadelphia to arbitrate their dispute, as provided for in the arbitration clause of the relevant insurance policy. Dkt. 34. On June 24, 2015, following a disagreement between the parties about disclosure and neutrality requirements for party-appointed arbitrators, Philadelphia moved for an order compelling plaintiffs to direct their party-selected arbitrator to meet and confer and decide on a third arbitrator. Dkt. 65 In the alternative, Philadelphia requests that the Court unilaterally appoint a third arbitrator.[1] Id. The Court held a hearing on July 20, 2015. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] Philadelphia initially filed its request as an *ex parte* application, which plaintiffs opposed on June 26, 2015. Dkt. 66. The court converted the *ex parte* application into a noticed motion to be heard on July 20, 2015. Dkt. 67. Plaintiff filed a supplemental opposition on July 6, 2015. Dkt. 68. Philadelphia replied on July 13, 2015. Dkt. 76.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-05536-CAS (VBKx) | Date | July 20, 2015 |
| Title | ANTHONY NIEVES, ET AL. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ET AL. | | |

## II. BACKGROUND

This case arises from a dispute as to whether defendants breached their duty to defend insured plaintiffs when defendants declined to represent plaintiffs in an arbitration proceeding.

Defendant Philadelphia issued policy number PHPK627074, for the policy period October 1, 2010 to October 1, 2011, to named insured "Five Star Home Health, Inc." ("the policy"). The policy contains the following arbitration provision:

> **BINDING ARBITRATION**
>
> * * *
>
> If we and the insured do not agree whether coverage is provided under this Coverage Part for a claim made against the insured, then either party may make a written demand for arbitration.
>
> *When this demand is made, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.* Each party will:
>
> 1. Pay the expenses it incurs; and
> 2. Bear the expenses of the third arbitrator equally.
>
> Unless both parties agree otherwise, the arbitration will take place in the county or parish in which the address shown in the Declarations is located. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

Dkt. 34 at 3 (emphasis added).

On October 3, 2014, after this Court ordered the parties to arbitrate pursuant to the terms of the policy, Philadelphia appointed Peter Senuty as its arbitrator. Mr. Senuty has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-05536-CAS (VBKx) | Date | July 20, 2015 |
| Title | ANTHONY NIEVES, ET AL. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ET AL. | | |

previously represented Philadelphia in at least one unrelated matter. On January 20, 2015, plaintiffs designated Erica Villaneuva as their arbitrator. However, plaintiffs refuse to direct Ms. Villaneuva to agree to a third arbitrator because of Mr. Senuty's prior dealings with Philadelphia and his alleged partiality.[2]

### III. DISCUSSION

Plaintiffs contend that the terms of the policy require all three arbitrators to be neutral. A neutral arbitrator is defined as "an arbitrator who is (1) selected jointly by the parties or by the arbitrators selected by the parties or (2) appointed by the court when the parties or the arbitrators selected by the parties fail to select an arbitrator who was to be selected jointly by them." Cal. Civ. Proc. Code § 1280; Haworth v. Superior Court, 50 Cal. 4th 372, 381 n. 4 (2010). In contrast, an arbitrator selected unilaterally by a party is referred to as a "party-arbitrator." Jevne v. Superior Court, 35 Cal. 4th 935, 945 n.4 (2005).

#### A. California Standards

Plaintiffs first argue that California's standards for arbitration apply to the party-arbitrator selected by Philadelphia. Plaintiffs conclude that since Mr. Senuty's background puts his neutrality in question, they are under no obligation to submit their dispute to arbitration until Philadelphia selects a neutral arbitrator.

California's Rules of Court provide that "[n]otwithstanding any contrary request, consent, or waiver by the parties, an arbitrator must disqualify himself or herself if he or she concludes at any time during the arbitration that he or she is not able to conduct the arbitration impartially." Cal. R. Ct. RB ETHICS Standard 10; Jevne, 35 Cal. 4th at 955-

---

[2] In 2012, Philadelphia retained Mr. Senuty as legal counsel on a single unrelated matter. Such a relationship, however, is not grounds for disqualification of a party-arbitrator. See Sphere Drake Ins. Ltd. v. All American Life Ins., 307 F.3d 617, 620-21 (7th Cir. 2002); Mahnke v. Superior Court, 180 Cal. App. 4th 565, 574-75 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-05536-CAS (VBKx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES, ET AL. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ET AL. | | |

56 (2005). Notably, "[t]he California Standards do not apply to 'party-arbitrators.' "[3] Jevne, 35 Cal. 4th at 945 n.4; Mahnke v. Superior Court, 180 Cal. App. 4th 565, 574-75 (2009) ("bias in a party-arbitrator is expected and furnishes no ground for vacating an arbitration award, unless it amounts to corruption."); Good v. Kaiser Foundation Hosp., 152 Cal. App. 3d 819, 822 (1984) ("The California Law Revision Commission, in its study and recommendations made prior to the adoption of section 1286.2, recognized that party-appointed arbitrators are rarely 'neutral.' ").[4]

Here, the policy's arbitration provision plainly requires that "each party will select an arbitrator." As such, neither Ms. Villaneuva nor Mr. Senuty are neutral arbitrators to which the California Standards apply. See Jevne, 35 Cal. 4th at 945 n.4. Only the third arbitrator, to be "selected jointly. . . by the arbitrators selected by the parties," Cal. Civ. Proc. Code § 1280, is a neutral arbitrator who must remain free of bias in favor of one party or another.

    B. **Federal Standards**

Plaintiffs also point to 9 U.S.C. § 10(a)(2) and Commonwealth Coatings Corp. v. Continental Car Co., 393 U.S. 145 (1968), as purportedly requiring that all arbitrators, whether party-appointed or not, be neutral. Section 10(a)(2) allows a court to vacate an arbitration award upon finding that "there was evident partiality or corruption in the

---

[3] Although the Ninth Circuit has not directly addressed the distinction between neutral arbitrators and party-appointed arbitrators, other circuits have recognized a difference between the standards applied to each. U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois, 244 F. Supp. 2d 1057, 1064 (C.D. Cal. 2002) (adopting the distinction used by other circuits); see also, e.g., Sphere Drake Ins. Ltd. v. All American Life Ins., 307 F.3d 617 (7th Cir. 2002); Delta Mine Holding Co. v. AFC Coal Props., Inc., 280 F.3d 815 (8th Cir. 2001). So too has the California Supreme Court. See Jevne, 35 Cal. 4th at 945 n.4.

[4] At argument, plaintiffs emphasized their concern that, pursuant to Cal. Civ. Proc. Code § 1286.2, the Court may vacate an arbitration award if one of the party-arbitrators is found to have been impartial. The Court reiterates that the only basis for vacating an award in such a situation is "corruption." Mahnke, 180 Cal. App. 4th at 574-75.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-CV-05536-CAS (VBKx) | Date | July 20, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES, ET AL. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ET AL. | | |

arbitrators, or either of them." 9 U.S.C. § 10(a)(2). However, " '[e]vident partiality' for a party-appointed arbitrator must be limited to conduct in transgression of contractual limitations." Sphere Drake Ins. Ltd. v. All Am. Life Ins. Co., 307 F.3d 617, 622 (7th Cir. 2002). Here, there is no allegation that Mr. Senuty transgressed the limitations of the arbitration provision or the policy as a whole. Such an argument, moreover, necessarily follows the completion of the arbitration, and cannot properly be raised at this stage of the proceedings. Further, "Commonwealth Coatings [did not] so much as hint that party-appointed arbitrators are governed by the norms under which neutrals operate." Id. at 623. Indeed, in Sphere Drake, the Seventh Circuit went on to find no evident partiality, as defined by § 10(a)(2), where a party-appointed arbitrator previously provided legal services to a party on an unrelated issue, as is the case here.[5] Id. at 620-21; U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois, 244 F. Supp. 2d 1057, 1064 (C.D. Cal. 2002) (following Sphere Drake in analyzing the scope of a party-arbitrator's duty to disclose).

Finally, plaintiffs' reliance on Delta Mine Holding Co. v. AFC Coal Props., Inc., 280 F.3d 815 (8th Cir. 2001), is likewise misplaced. There, the Eighth Circuit distinguished between neutral arbitrators—whose relationship with one party is presumptively prejudicial to an arbitration award—and party-arbitrators—whose necessarily partial relationship must be affirmatively shown to have prejudicially affected the award. Id. at 822; U.S. Care, Inc., 244 F. Supp. 2d at 1064. As noted above, plaintiffs' policy with Philadelphia provides for two party-appointed arbitrators; it does not specify that they must be impartial, and this Court "cannot require a higher level of impartiality than is provided for by the parties in an arbitration agreement." U.S. Care, Inc., 244 F. Supp. 2d at 1062; Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 679 (7th Cir. 1983) ("The parties to an arbitration choose their method of dispute resolution, and can ask no more impartiality than inheres in the method they have chosen.").

In summary, plaintiffs misconstrue the policy's arbitration clause, the plain language of which calls for each party to appoint its own partial arbitrator. Thus, Mr.

---

[5] The Seventh Circuit went so far as to note that the district court's opinion, which it reversed, "[is] the first time since the Federal Arbitration Act was enacted in 1925 that a federal court has set aside an award because a party-appointed arbitrator on a tripartite panel, as opposed to a neutral, displayed 'evident partiality.' " Id. at 620.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-05536-CAS (VBKx) | Date | July 20, 2015 |
| Title | ANTHONY NIEVES, ET AL. v. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ET AL. | | |

Senuty's prior dealing with Philadelphia is of no consequence. Accordingly, the Court GRANTS Philadelphia's motion.

## IV. CONCLUSION

In accordance with the foregoing, Philadelphia's motion to compel plaintiffs to proceed with arbitration is **GRANTED**. Plaintiffs are hereby **ORDERED** to direct their party-appointed arbitrator to meet and confer with Philadelphia's party-appointed arbitrator in order to select a neutral third arbitrator **within ten days of this order**. In the event the two party-appointed arbitrators are unable to agree to a neutral third, the Court will appoint one per the terms of the policy.

IT IS SO ORDERED.

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | PG | |