UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                                    'O'

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Bradford Child | Mark Peterson |
| | James Holmes |

**Proceedings:** DEFENDANT GOLDEN EAGLE INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT (dkt. 72, filed July 10, 2015)

DEFENDANT GOLDEN EAGLE INSURANCE CORPORATION'S MOTION TO COMPEL ARBITRATION AND TO STAY CLAIMS (dkt. 69, filed July 10, 2015)

## I.      INTRODUCTION

Plaintiffs Anthony Nieves, Five Star Home Health, Inc. ("Five Star"), and Convergence Investments LLC ("Convergence") (collectively "plaintiffs") filed this action against defendants Travelers Casualty Insurance Company ("Travelers"), Philadelphia Indemnity Insurance Company ("Philadelphia"), Golden Eagle Insurance Corporation ("Golden Eagle"), and Does 1 through 20 (collectively "defendants") on May 22, 2014, in Los Angeles County Superior Court. Dkt. 1. The action was subsequently removed to this Court on July 16, 2014. Id. Plaintiffs' complaint alleges claims for (1) breach of contract and (2) tortious breach of the implied covenant of good faith and fair dealing. Id. Plaintiffs seek both damages and declaratory relief. Id.

By order dated September 29, 2014, the Court granted in part defendant Philadelphia's motion to compel arbitration and to stay the instant proceedings pending completion of the arbitration. Dkt. 34. However, the Court denied Philadelphia's request to stay proceedings as to defendants Golden Eagle and Travelers. Id. By order dated March 24, 2015, the Court granted in part defendant Travelers' motion for summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|-------------------------|------|-----------------|
| Title    | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

judgment as to plaintiff Five Star, but otherwise denied Travelers' motion as to plaintiffs Nieves and Convergence.  Dkt. 64.

On July 10, 2015, defendant Golden Eagle filed the instant motion for summary judgment.  Dkt. 72.  Plaintiffs filed an opposition on July 27, 2015, dkt. 81, and Golden Eagle filed its reply on August 3, 2015, dkt. 89.[1]  On July 10, 2015, concurrently with its filing of the instant motion for summary judgment, defendant Golden Eagle filed a motion to compel arbitration and stay claims in the instant action, pending the arbitrator's decision, dkt. 69.  On July 24, 2015, defendant Travelers filed a joinder in Golden Eagle's motion to compel arbitration and stay claims in the instant action, pending the arbitrator's decision.  Dkt. 80.  Plaintiffs filed an opposition on July 27, 2015, dkt. 87, and Golden Eagle filed its reply on August 3, 2015, dkt. 91.[2]  The Court heard oral argument on the instant motion on August 17, 2015.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

As discussed in greater detail below, this case arises from a dispute as to whether defendant insurer breached its duty to defend plaintiffs by (1) declining to represent plaintiffs in an arbitration proceeding (the "Underlying Arbitration") upon plaintiffs' initial tender, and (2) later, following defendant's agreement to defend plaintiffs under a reservation of rights, declining to pay portions of plaintiffs' legal fees.  See Compl. ¶ 26.

---

[1] Golden Eagle objects to Exhibit D of the Declaration of Cody Sorenson ("Sorenson Decl.") and Exhibit J of the Declaration of Bradford T. Child ("Child Declaration"), which plaintiffs submitted in support of their opposition to Golden Eagle's motion for summary judgment.  Because the Court does not rely on these portions of either declaration, the objections are OVERRULED as moot.

[2] On August 4, 2015, plaintiffs filed an unopposed ex parte application for leave to file notice of supplemental authority in support of their opposition to Golden Eagle's motion for summary judgment.  Dkt. 92.  This Court granted plaintiffs' application on August 5, 2015, dkt. 93, and plaintiffs filed their supplemental authority on the same day, dkt. 94.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

Plaintiff Nieves is an individual doing business in Los Angeles County and is a principal in plaintiff companies Five Star and Convergence.  Compl. ¶ 3.  Plaintiff Convergence is a limited liability company, and plaintiff Nieves serves as its sole owner, member, and manager.  Pls.' Statement of Uncontroverted Facts and Conclusions of Law  ("PS") ¶¶ 21-22; Def.'s Reply to Pls.' Statement of Uncontroverted Facts and Conclusions of Law ("DRS") ¶¶ 21-22.

## A.   The Golden Eagle Insurance Policy

Golden Eagle issued Commercial Package Policy number BOP1375905, for the policy period beginning September 3, 2009 and ending September 3, 2010 (the "Policy"), to Convergence Investments, LLC.  Def.'s Statement of Uncontroverted Facts and Conclusions of Law ("DS") ¶ 1; PS ¶ 1.  In addition to Convergence, plaintiff Nieves is also a named insured under the Policy for conduct on behalf of Convergence.  DS ¶ 2; PS ¶ 2.  It is undisputed that plaintiff Five Star is not an insured under the Policy.  DS ¶ 3; PS ¶ 3.

As is relevant to the instant dispute, the Policy covers "Personal and Advertising Injury Liability."  Specifically, the Policy states:

A.   Coverages

1.   Business Liability

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damages" or <u>"personal and advertising injury"</u> to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", property damage", or "personal and advertising injury", to which this insurance does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

b.    This insurance applies:

\* \* \*

(2) To <u>"personal and advertising injury" caused by an offense arising out of your business</u>, but only if the offense was committed in the "coverage territory" during the policy period.

Henderson Decl. Ex. 12 at GE_000088 (emphasis added).  The Policy defines  "personal and advertising injury" as follows:

14.    "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses: . . .

f.    The use of another's <u>advertising idea</u> in your "advertisement"; or

g.    Infringing upon another's copyright or slogan in your "advertisement".

Henderson Decl. Ex. 12 at GE_000034 (emphasis added).

The Policy further defines "advertisement" as "the dissemination of information or images to the general public for the purposes of inducing the sale of your goods, products

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|-------------------------|------|-----------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

or services through radio, television, billboards, magazines, newspapers, the internet, or 'your web site.'" DS ¶ 9; PS ¶ 9 (citing Henderson Decl. Ex. 12 at GE_000034).[3]

### B.    The Underlying Arbitration and Tender

The Underlying Arbitration arose in connection with a commercial dispute between plaintiffs and ABCSP, Inc. ("ABCSP"). ABCSP is the franchisor of the Always Best Care Senior Services franchise system ("Always Best Care"), which provides in-home health care and assisted living placement services for seniors. See Arb. Demand ¶¶ 1,8.[4]

ABCSP offers two different types of franchises: a "unit" franchise and an "Area Representative" franchise. PS ¶ 28; DRS ¶ 28. Unit franchisees provide in-home care and placement services directly to consumers, whereas Area Representative franchisees acquire the rights to a geographic development area, within which they recruit, train, and provide ongoing marketing and business support to unit franchisees. Id. Area Representatives are required to sign an Area Representative Agreement ("AR Agreement") defining their rights and obligations. Id. Pursuant to the AR Agreement, Area Representatives gain access to the ABCSP "System," which is a comprehensive collection of marketing materials, advertising materials, trademarks, slogans, and business information used to market an ABCSP franchise. PS ¶ 27; DRS ¶ 27.

---

[3] The Policy also clarifies that the term "advertisement" does "not include the design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products." Henderson Decl. Ex. 12 at GE_000034.

[4] Both plaintiffs and defendant have proffered copies of ABCSP's Arbitration Demand. See Declaration of Lisa M. Henderson ISO Def.'s Mot. Summ. J. ("Henderson Decl."), Ex. 13.; Sorenson Decl., Ex. B. Where the parties have not set forth in their respective statements of fact pertinent background information concerning the business relationships giving rise to the demand for arbitration, the Court cites to the allegations contained in the Arbitration Demand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

In July 2009, plaintiff Nieves entered into an AR Agreement with ABCSP and became an Area Representative for Southern California.  See PS ¶ 32; DRS ¶ 32. Plaintiff Convergence was formed by Nieves in order to operate the Area Representative franchise acquired by Nieves, and Convergence was responsible for recruiting and maintaining Always Best Care franchisees within its designated territory.  PS ¶ 23; DRS ¶ 23.[5]

In January 2012, ABCSP served plaintiffs with an Arbitration Demand.  PS ¶ 25; DRS ¶ 25.  The opening paragraph of the Arbitration Demand explains the basis for the Arbitration Demand as follows:

> This is an action for breach of contract, fraudulent inducement and fraudulent misrepresentation arising from Respondent Anthony Nieves' . . . operation of an Always Best Care Senior Services Area Representative franchise.  It is also an action for tortious interference with contract against two companies that Nieves owns and controls – Respondents Convergence Investments LLC . . . and Five Star Home Health, Inc. . . . Nieves fraudulently induced [ABCSP] into entering an Area Representative Agreement . . . by misrepresenting material facts regarding his intent to purchase a competing home health care business.  Nieves thereafter breached the AR Agreement by, among other things: (1) acquiring Five Star, a home health care business, and not rolling it into an ABCSP franchise as required by the AR Agreement; (2) making an unauthorized transfer of his ownership interest in the AR Agreement [to Convergence]; (3) engaging in

---

[5] Both defendant and plaintiffs proffer little factual background regarding plaintiff Five Star.  According to the Arbitration Demand, however, plaintiff Five Star is a company organized under the laws of the state of California with its principal place of business in Los Angeles, California.  Arb. Demand ¶ 4.  The Arbitration Demand further asserts that (1) plaintiff Nieves signed an agreement to purchase Five Star sometime during the summer of 2010; (2) Five Star offered services that competed with the services that ABCSP required its franchises in Nieves's development area to offer; and (3) plaintiff Nieves had not sought to "roll [Five Star] into an ABCSP franchise as agreed to."  Id. at ¶ 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

conduct that reflects materially and unfavorably upon the operation and reputation of the ABCSP franchise business system; and (4) failing to confine his activities to operating the Area Representative business. ABCSP recently terminated the AR Agreement based on Nieves' conduct. . . . ABCSP seeks monetary, injunctive, and other relief.

Arb. Demand at 1.

The Arbitration Demand asserts the following five claims: (1) breach of contract (against Nieves); (2) fraud in the inducement (against Nieves); (3) fraudulent misrepresentation (against Nieves); (4) tortious interference with contract (against Five Star); and (5) tortious interference with contract (against Convergence). Arb. Demand ¶¶ 59-90. ABCSP's claim for fraud in the inducement against Nieves alleged, in pertinent part:

> Nieves falsely represented to ABCSP that he intended to purchase a home health company that would become part of an ABCSP franchise that he would operate. . . . In . . . reliance upon these representations, ABCSP assisted Nieves and provided him with, among other things, continued support, training, and other general business consultation in the operation of the franchises, including confidential, trade secrets concerning how to successfully market such a business to referral sources and operate in profitably. Instead of rolling his new home health care business into an ABCSP franchise . . . Nieves sought to compete against ABCSP and its franchisees.

Id. ¶¶ 65, 67-68. The claim for fraudulent misrepresentation against Nieves similarly alleged that "Nieves intended to learn about and use ABCSP's confidential, trade secrets concerning how to successfully market [a home health care] business to referral sources. . . ." Id. ¶ 73.

ABCSP's claim against Convergence for tortious interference with contract alleges, in relevant part:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | | Date | August 18, 2015 |
|---|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | | |

In signing the AR Agreement, Nieves agreed that he would not transfer or assign his interest in it to a third party without ABCSP's prior written consent.  Nieves claims to have assigned his interest in the AR Agreement to Convergence. . . . Convergence has interfered in the contract between Nieves and ABCSP by purporting to own and operate Nieves' ABCSP Area Representative franchise in violation of the AR Agreement.

Id. ¶¶ 86-87, 89.

The Arbitration Demand further asserts that, "[s]ince September 2011, subsequent to Nieves' purchase of Five Star . . . , Nieves downloaded over one hundred fifty (150) confidential ABCSP documents relating to its policies, procedures and System." Id. ¶ 55. The Arbitration Demand sought damages, as well as an injunction preventing plaintiffs from "operating a home health care business using the confidential information obtained from ABCSP." Id. at 19.

In April 2012, plaintiffs tendered ABCSP's Arbitration Demand to Golden Eagle, requesting defense and indemnity of both Nieves and Convergence in the Underlying Arbitration.  PS ¶ 37; DRS ¶ 37.  On or about May 16, 2012, David Gurnick, who served as counsel for plaintiffs in the Underlying Arbitration, sent correspondence to Golden Eagle to supplement plaintiffs' tender.  PS ¶ 38; DRS ¶ 38.  This correspondence contained marketing materials, including brochures, created by ABCSP and allegedly used by Convergence.  Id.  On July 19, 2012, Golden Eagle denied plaintiffs' tender of defense.  DS ¶ 11; PS ¶ 11.

On or about October 12, 2012, Gurnick sent additional materials to Golden Eagle, which included, inter alia, certain interrogatory responses produced by plaintiffs in the Underlying Arbitration.  PS ¶ 39; DRS ¶ 39.  Gurnick's letter called attention to portions of plaintiffs' responses in which they denied using ABCSP's confidential trade secrets and marketing materials.  Id.  The letter also contained documents produced by plaintiffs in response to ABCSP's discovery requests, including copies of ABCSP marketing materials used by Convergence, as well as photos that appear to depict Convergence using ABCSP marketing materials at trade shows.  PS ¶ 40; DRS ¶ 40.  On October 18,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

2012, and October 23, 2012, plaintiffs provided Golden Eagle with additional evidence regarding the claims in the ongoing Arbitration proceeding. DS ¶ 12; PS ¶ 12.

On or about December 6, 2012, approximately eight months after the initial tender, plaintiffs renewed their tender of defense and submitted additional extrinsic evidence to Golden Eagle, including evidence indicating that plaintiffs may have used ABCSP's marketing materials in a website that they controlled or maintained. DS ¶ 13.[6] In a letter dated January 17, 2013, Golden Eagle acknowledged receipt of plaintiffs' renewed tender of defense, and this time agreed to defend plaintiffs under a complete reservation of rights which, as the letter explains, entitled plaintiffs to select independent counsel in the Arbitration Proceeding. DS ¶ 14; Henderson Decl. Ex. 7.[7]

Plaintiffs were represented in the Arbitration Proceeding by independent counsel, the firms Lewitt Hackman and Hoefflin Burrows ("Independent Counsel"). DS ¶ 15; PS ¶ 15. In May 2013, Golden Eagle informed Independent Counsel that it would pay the following rates for their defense of plaintiffs: $360/hour for partners, $250/hour for associates, and $125/hour for paralegals. DS ¶ 16. Before paying Independent Counsel, Golden Eagle made deductions from the fee invoices that Independent Counsel submitted for, inter alia, amounts incurred prior to December 6, 2012; amounts billed in excess of Golden Eagle's approved rates; amounts billed for the defense of Five Star; and amounts billed for what Golden Eagle characterized as administrative tasks or vague, duplicative, or excessive time entries. DS ¶ 17; PS ¶ 17. Golden Eagle ultimately paid $334,690.10 to Independent Counsel for their defense of plaintiffs, DS ¶ 18; PS ¶ 18,[8] and $96,279.14

---

[6] In numerous instances, plaintiffs assert that alleged uncontroverted facts proffered by Golden Eagle are disputed. However, plaintiffs do not proffer any evidence from which one could discern that there is a disputed fact. Instead, they offer legal argument which does not dispute any fact. See, e.g., PS ¶¶ 13-14. In such instances, the Court cites only to the defendants' statement of uncontroverted facts.

[7] See GE_000170.

[8] In response to Golden Eagle's assertion that it "paid $334,690.10 to Lewitt Hackman and Hoefflin Burrows firm for their defense of the Insured," DS ¶ 18, plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

on litigation vendor invoices it received, DS ¶ 19; PS ¶ 19.  None of Golden Eagle's payments appear related to legal expenses that plaintiffs incurred before December 6, 2012, the date on which, in Golden Eagle's view, its duty to defend arose.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to

---

respond, "Undisputed that Golden Eagle made payments and left their insured to pay $577,171.19 in unpaid fees to Lewitt Hackman and Hoefflin Burrows," PS ¶ 18.  Neither plaintiffs' response nor the evidence they cite in support thereof disputes defendant Golden Eagle's assertion regarding the payment to Lewitt Hackman and Hoefflin Burrows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|--------------------------|------|------------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation omitted); <u>Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.</u>, 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587.

## IV.   DISCUSSION

As a preliminary matter, Golden Eagle requests that the Court grant summary judgment on all claims insofar as they are brought by plaintiff Five Star. Mot. Summ. J. at 11. Because it is undisputed that Five Star "is not an insured under the policy," DS ¶ 3, PS ¶ 3, the Court **GRANTS** defendant's motion for summary judgment against plaintiff Five Star.

### A.   Plaintiffs' Claim for Breach of Contract

Plaintiffs' claims for relief are based upon two allegations: First, that Golden Eagle "refused to pay the defense fees plaintiffs had incurred since their tender of defense to Golden Eagle in April 2012;" and second, that upon acknowledging a duty to defend in January 2013 (approximately nine months after plaintiffs' initial tender and six months after Golden Eagle's initial denial), "Golden Eagle further refused to pay plaintiffs' legal fees going forward and instead only belatedly paid a fraction of plaintiffs' attorneys' fees to defend the claims of ABCSP." Compl. ¶ 26.

Golden Eagle contends that both plaintiffs' initial April 2012 tender, which included the Arbitration Demand, and the additional materials submitted in May and October 2012, provided "no evidence that the Arbitration proceeding sought damages because of the 'use of another's advertising idea'" which, Golden Eagle argues, is "required for coverage under the Policy." Mot. Summ. J. at 1. Golden Eagle concedes, however, that the additional extrinsic evidence plaintiffs provided on December 6, 2012 was sufficient to establish a duty to defend. <u>Id.</u> at 3. Therefore, Golden Eagle argues that its duty to defend commenced on December 6, 2012, <u>id.</u>, and that it fulfilled its duty to defend in full because it paid all legal fees and costs plaintiffs incurred from December 6,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

2012 though the conclusion of the Arbitration proceeding. Id. at 8. Plaintiffs contend that the Arbitration Demand and supplemental materials initially submitted to Golden Eagle in April 2012 demonstrate that ABCSP's claims against them involved "advertising injury" within the meaning of the Policy and therefore triggered the duty to defend at that time. Opp'n Summ. J. at 14.[9]

---

[9] In their opposition, plaintiffs rely upon this Court's March 24, 2015 order, dkt. 64 ("Travelers MSJ Order"), denying defendant Travelers' motion for summary judgment on plaintiffs' claims for breach of contract and breach of the implied covenant of good faith and fair dealing. According to plaintiffs, "[g]iven that the Travelers policy and Golden Eagle policy have the same language relating to 'advertising injury', it therefore follows that the allegations in the ABCSP Arbitration Demand triggered Golden Eagle's duty to defend Convergence and Nieves as a matter of law when plaintiffs tendered their defense to Golden Eagle in April 2012." Opp'n at 14. Plaintiffs' argument is misguided for at least two reasons. First, this Court's ruling on summary judgment as to defendant Travelers does not alter the initial burden placed on the moving party in the instant motion—that is, Golden Eagle's burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which it seeks judgment. See Celotex, 477 U.S. at 323. If Golden Eagle meets its initial burden, the burden shifts to plaintiffs to set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson, 477 U.S. at 250; see also Fed. R. Civ. P. 56(c), (e). In other words, the Travelers MSJ Order has no effect whatsoever on the relative burdens each party must meet in the instant motion. Second, the Travelers MSJ Order is not dispositive of Golden Eagle's duty to defend because, as Golden Eagle correctly notes, there are key differences between the Travelers and Golden Eagle policies. Reply at 1-2. For example, while the Travelers policy defines "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters," Travelers MSJ Order at 4 (emphasis added), the Golden Eagle policy defines advertisement as "the dissemination of information or images to the general public for the purposes of inducing the sale of your goods, products or services through radio, television, billboards, magazines, newspapers, the internet, or 'your web site.'" DS ¶ 9; PS ¶ 9 (citing Henderson Decl. Ex. 12 at GE_000034). While the Court is mindful of the differences between the Travelers and Golden Eagle policies,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL   'O'

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

### 1.    Duty to Defend

In California, an insurer's duty to defend its insured is broad. <u>Pension Trust Fund for Operating Engineers v. Federal Ins. Co.</u>, 307 F.3d 944, 949 (9th Cir. 2002).  An insured is entitled to a defense "if the underlying complaint alleges the insured's liability for damages <u>potentially</u> covered under the policy." <u>Montrose Chemical Corp. v. Superior Court</u>, 6 Cal. 4th 287, 299 (1993) (emphasis in original).  "The duty to defend is broader than the duty to indemnify, and it may apply even in an action where no damages are ultimately awarded." <u>Scottsdale Ins. Co. v. MV Transp.</u>, 36 Cal. 4th 643, 654 (2005).

Whether there is a duty to defend turns upon "those facts known by the insurer at the inception of a third party lawsuit." <u>Montrose</u>, 6 Cal. 4th at 295.  Thus, "[d]etermination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy." <u>Scottsdale Ins. Co.</u>, 36 Cal. 4th at 654.  "[T]he duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered." <u>Id.</u>; <u>see also</u> <u>Waller v. Truck Ins. Exch., Inc.</u>, 11 Cal. 4th 1, 19 (1995), <u>as modified on denial of reh'g</u> (Oct. 26, 1995) (explaining that the duty to defend exists if the insurer "becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement."). "Moreover, that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged,  reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability." <u>Id.</u>  Thus, a defense is excused only when "the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." <u>Montrose</u>, 6 Cal. 4th at 295.  "When determining whether a particular policy provides a potential for coverage and a duty to defend, [courts] are guided by the principle that interpretation of an insurance policy is a question of law." <u>Waller</u>, 11 Cal. 4th at 18.

these differences do not inform a different result in the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|--------------------------|------|-----------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

Importantly, when an insurer brings a motion for summary judgment on the duty to defend, the insurer must present undisputed facts that eliminate any possibility of coverage. J. Croskey et al. <u>Cal. Prac. Guide: Ins. Lit.</u> at ¶ 15:704.2 (Rutter 2014) (citing <u>Montrose</u>, 6 Cal. 4th at 300, and <u>Vann v. Travelers Cos.</u>, 39 Cal. 4th 1610, 1614 (1995)). Moreover, "where disputed factual issues preclude summary judgment in the insurer's favor, denial of the motion establishes its duty to defend the underlying action as a matter of law." <u>Id.</u> at ¶ 15:704.5 (citing <u>Horace Mann Ins. Co. v. Barbara B.</u>, 4 Cal. 4th 1076, 1078 (1993)). It is undisputed that both Convergence and Nieves are insureds under the Policy. DS ¶¶ 1-2; PS ¶¶ 1-2. Accordingly, the Court must determine whether Golden Eagle has presented undisputed facts that eliminate any possibility of coverage for Convergence and Nieves under the Policy. Croskey, <u>supra</u>, at ¶ 15:704.2.

### a.    **Plaintiff Convergence**

Golden Eagle contends that its duty to defend did not commence until December 6, 2012, following plaintiffs' submission of evidence that ABCSP's marketing materials may have been used on a website developed and maintained by an employee of Convergence. Mot. Summ. J. at 8. Prior to that date, Golden Eagle formally denied any duty to defend or indemnify the plaintiffs in a letter dated July 19, 2012. DS ¶ 11; PS ¶ 11.

As discussed above, Golden Eagle owed a duty to defend Convergence in the Underlying Arbitration if the Arbitration Demand and extrinsic evidence demonstrated a <u>potential</u> for coverage within the Policy's "personal and advertising injury" provisions. For purposes of this motion, the Policy's relevant provisions cover damages caused by an insured's "use of another's advertising idea in [the insured's] 'advertisement,'" or the "[i]nfringing upon another's copyright or slogan in [the insured's] 'advertisement.'" Henderson Decl. Ex. 12 at GE_000034. The Policy further defines "advertisement" as "the dissemination of information or images to the general public for the purposes of inducing the sale of [the insured's] goods, products or services through radio, television, billboards, magazines, newspapers, the internet, or '[the insured's] web site.'" DS ¶ 9; PS ¶ 9 (citing Henderson Decl. Ex. 12 at GE_000034). To find a covered "advertising injury" in light of such provisions, a court must find that "(1) there is a causal connection between allegations in the third party complaint and the insured's advertising activities;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|--------------------------|------|------------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

and (2) the allegations in the third party complaint fit into one of the enumerated offenses in the commercial general liability policy that could be considered advertising injuries." Homedics, Inc. v. Valley Forge Ins. Co., a Pennsylvania Corp., 315 F.3d 1135, 1139 (9th Cir. 2003).

Here, ABCSP averred in its Arbitration Demand that it suffered monetary damage when Convergence "interfered in the contract between Nieves and ABCSP by purporting to own and operate Nieves' ABCSP Area Representative franchise in violation of the AR Agreement." Arb. Demand ¶¶ 89-90. In turn, the Arbitration Demand explained that owning and operating such an Area Representative franchise confers "the right and duty to recruit unit franchisees for ABCSP and to provide training and ongoing marketing and business support services to those franchisees." Id. ¶ 10 (emphasis added); see also id. ¶ 17. The Arbitration Demand further explained that to facilitate such operations, Area Representative franchises gained access to "marketing practices and other trade secrets of the ABCSP System." Id. ¶ 76 (emphasis added). In short, the Arbitration Demand alleged that Convergence tortiously interfered with the AR Agreement by, inter alia, using ABCSP's exclusive marketing practices to first recruit and then support unit franchisees.

When a suit alleges a claim that creates the "bare 'potential'" or "possibility" that the insured may be subject to liability for damages covered under the insurance policy, an insurer must defend unless and until it can point to "undisputed facts" demonstrating that the claim is not covered. Montrose, 6 Cal. 4th at 299-300. The insured need not demonstrate that coverage is likely or even "reasonably" likely. Croskey, supra, at ¶ 7:525 (citing Montrose, 6 Cal. 4th at 299-300 (rejecting "reasonable potential for coverage" standard)). Moreover, "[a]ny doubt as to whether the facts give rise to a duty to defend is resolved in the insured's favor." Horace Mann Ins. Co., 4 Cal.4th at 1081.

In its motion for summary judgment, Golden Eagle offers various arguments in support of its contention that ABCSP's allegations regarding Convergence's marketing activities do not reflect any potential for coverage. See Mot. Summ. J. at 5-6; Reply at 2-3. For example, Golden Eagle argues that ABCSP (1) does not specifically allege that Convergence used its marketing materials in communications directed to the "general public," and (2) does not specifically allege that Convergence used ABCSP's marketing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|-------------------------|------|-----------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

materials in or on radio, television, billboards, magazine, newspapers, the Internet, or its website.  Reply at 3.  In an attempt to argue that ABCSP "confirms that [its] damages do not flow from any advertising by Convergence," Golden Eagle points to the following passage from the Arbitration Demand:

> Unlike retail businesses which tend to generate customers from several sources, e.g. newspaper, magazine, television and internet advertising, as well as billboards and storefront signs, the marketing focus for the in-home care and placement service business is on a small group of referral sources . . . [H]ow an in-home care provider cultivates relationships with referral sources, informs them of its services, demonstrates success with referral source patients, and how the provider prices its services, are the keys to generating a successful in-home care business.

Arb. Demand ¶ 12; Mot. Summ. J. at 6-7.  Golden Eagle contends that this passage in the Arbitration Demand "evidences that ABCSP's damages do not arise out of Convergence's advertising but, instead, arose out of Convergence operating the unauthorized, competing business."  Mot. Summ. J. at 7.  The Court disagrees.  At best, this passage simply elucidates the "marketing focus" of Area Representative franchises, noting that the "focus" is on a small group of "referral sources."  This does not preclude the possibility that Convergence's alleged use ABCSP's exclusive marketing practices in recruiting unit franchisees also included use of "advertisements," as they are defined by the Policy (e.g., marketing materials published on the insured's website or elsewhere on the Internet).

Extrinsic evidence submitted well in advance of Golden Eagle's July 2012 denial of coverage also may have put it on notice of potential injury covered by the Policy.  See Montrose, 6 Cal. 4th at 295; see also Waller, 11 Cal. 4th at 19 ("Facts extrinsic to the complaint give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." (citation omitted)).  For example, in May 2012, plaintiffs provided Golden Eagle with samples of marketing materials created by ABCSP, some of which contain the name of a Convergence employee.  PS ¶ 38; DRS ¶ 38.  A letter from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                 **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

plaintiffs' attorney accompanying these marketing materials characterized them as "advertising published by Convergence Investments, LLC concerning [ABCSP]" intended for "use by ABCSP area representatives to advertise the availability of ABCSP franchises." Child Declaration Ex. F at 1. The letter further specifies that the materials were "provided to show [Golden Eagle] that Convergence Investment, LLC conducted advertising using advertising copy provided by ABCSP." Id. Golden Eagle disputes plaintiffs' characterization of the marketing materials submitted in May 2012 as "advertisements" that were "published by Convergence," PS ¶ 38, characterizing them instead as "brochures created by ABCSP . . . which contain the name of a Convergence employee . . . [and that] were provided by Convergence to potential franchisees," DRS ¶ 38. Golden Eagle similarly asserts that it is "debatable" whether nearly identical franchise marketing materials submitted by plaintiffs in October 2012 "meet the Policy's definition of 'advertisement,' as it does not appear they were disseminated to the general public." Mot. Summ. J. at 6.

"To prevail [with respect to the duty to defend inquiry], the insured must prove the existence of a potential for coverage, while the insurer must establish the absence of any such potential." Montrose, 6 Cal. 4th at 300. In other words, as the California Supreme Court further explained in Montrose,

> [While the] insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot. Facts merely tending to show that the claim is not covered, or may not be covered, but are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales. Any seeming disparity in the respective burdens merely reflects the substantive law.

Id. (emphasis added). See also Tower Ins. Co. of New York v. Capurro Enterprises Inc., 2011 WL 6294485, at *7 (N.D. Cal. Dec. 15, 2011) ("At the outset of the underlying litigation, based on the Underlying Complaint and letters from [insured's] counsel, [insurer] was put on notice of potential injury covered by the Policy. An insurer cannot 'wait out' discovery before determining its duty to defend; that is precisely why the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

California Supreme Court requires defense even on the basis of potential coverage." (citing <u>Montrose</u>, 6 Cal. 4th at 299)).

Golden Eagle has failed to present undisputed facts in the record that eliminate any possibility of coverage under the Policy. The Court therefore **DENIES** Golden Eagle's motion insofar as it is based on the duty to defend Convergence. <u>See</u> Croskey, <u>supra</u>, at ¶ 15:704.2 (citing <u>Montrose</u>, 6 Cal. 4th at 300, and <u>Vann</u>, 39 Cal. 4th at 1614). The Court further **GRANTS** plaintiff Convergence leave to file a motion for summary judgment on or before August 28, 2015.

> **b.    Plaintiff Nieves**

As noted above, the claim against Nieves for fraudulent misrepresentation alleges, <u>inter alia</u>, that while Nieves represented to ABCSP that "any independent home health franchise he purchased would not compete with . . . the ABCSP franchise opportunity . . . [i]n reality, Nieves intended to learn about and use ABCSP's confidential, trade secrets concerning <u>how to successfully market</u> such a business . . . ." Arb. Demand ¶¶ 72, 73 (emphasis added). The Arbitration Demand continues, alleging that ABCSP's "relied on Nieves' representations to its detriment . . . by providing him with access to . . . <u>marketing practices and other trade secrets</u> of the ABCSP System." <u>Id.</u> ¶ 77 (emphasis added). Taken together, the Arbitration Demand suggests that Nieves—potentially acting on behalf of Convergence[10]—fraudulently induced ABCSP to provide him with access to ABCSP marketing practices, which Nieves then used to compete with ABCSP, to ABCSP's financial detriment.

As with plaintiff Convergence, Golden Eagle has failed to present undisputed facts in the record that eliminate any possibility that plaintiff Nieves is covered under the Policy. The Court therefore **DENIES** Golden Eagle's motion insofar as it is based on the duty to defend Nieves. <u>See</u> Croskey, <u>supra</u>, at ¶ 15:704.2 (citing <u>Montrose</u>, 6 Cal. 4th at

---

[10] To be sure, it is not clear that Nieves' alleged misconduct occurred in his capacity as a manager or member of Convergence. However, "any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." <u>Montrose</u>, 6 Cal. 4th at 300.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|--------------------------|------|------------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

300, and <u>Vann</u>, 39 Cal. 4th at 1614).  The Court further **GRANTS** plaintiff Nieves leave to file a motion for summary judgment on or before August 28, 2015.

### 2.    Duty to Indemnify

"The insurer's duty to indemnify runs to claims that are actually covered, in light of the facts proved." <u>Buss v. Superior Court</u>, 16 Cal. 4th 35, 45 (1997).  Here, Golden Eagle asserts that it is entitled to summary judgment on plaintiffs' claim for breach of the duty to indemnify because "it is undisputed that no damages were awarded against the Plaintiffs in the Arbitration Proceeding, nor did they pay any money in settlement."  Mot. Summ. J. at 9.  Golden Eagle does not cite to any undisputed (or disputed) facts in the record to support such a proposition.  <u>See</u> <u>Celotex</u>, 477 U.S. at 323.  With respect to the duty to indemnify, plaintiffs fail to set out any evidence showing the existence of a genuine issue for trial.[11]  <u>See</u> <u>Anderson</u>, 477 U.S. at 250; <u>see also</u> Fed. R. Civ. P. 56(c), (e).

Accordingly, the Court **GRANTS** Golden Eagle's motion insofar as it is based on the duty to indemnify plaintiffs Convergence and Nieves.

### B.    Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs also assert a claim for breach of the implied covenant of good faith and fair dealing against Golden Eagle.  In the insurance context, a claim for bad faith arises when an insurer unreasonably withholds a benefit due under an insurance policy.  2 Witkin, <u>Summ Cal. Law</u>, Insurance § 240 (10th ed. 2005); <u>Morris v. Paul Revere Life Ins. Co.</u>, 109 Cal. App. 4th 966, 973 (2003).  However, "if there is no <u>potential</u> for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." <u>Waller,</u> 11 Cal. 4th at 36 (emphasis in original); <u>accord</u>, <u>Gunderson v. Fire Ins. Exch.</u>, 37

---

[11] For example, plaintiffs do not offer facts regarding whether any damages were ultimately awarded in the arbitration proceeding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|-------------------------|------|-----------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

Cal. App. 4th 1106 at 1119 (1995) ("Because there was no breach of the insurance contract, appellants' bad faith claim also fails"). Here, Golden Eagle offers two arguments for why it is entitled to summary judgment on plaintiffs' claim for bad faith, neither of which is persuasive.

First, Golden Eagle asserts that it is entitled to summary judgment on plaintiffs' claim for bad faith denial of insurance benefits because such a claim fails as a matter of law when the insured has no viable breach of contract claim. But with the Court's denial of Golden Eagle's motion for summary judgment as to the duty to defend issue, as discussed <u>supra</u>, Convergence's and Nieves's breach of contract claims remain viable.

Second, Golden Eagle argues that the insured cannot show that any withholding of benefits under the Policy was "unreasonable or without proper cause." Mot. Summ. J. at 10 (citing <u>Guebara v. Allstate Ins. Co.</u>, 237 F.3d 987, 992 (9th Cir. 2001)). Relatedly, Golden Eagle argues that plaintiffs cannot show that the deductions taken from Independent Counsel's fee invoices were unreasonable. An insurer is entitled to summary judgment "based on a genuine dispute over coverage or the value of the insured's claim only where the summary judgment record demonstrates the absence of triable issues . . . as to whether the disputed position upon which the insurer denied the claim was reached reasonably and in good faith." <u>Wilson v. 21st Century Ins. Co.</u>, 42 Cal. 4th 713, 724 (2007), <u>as modified</u> (Dec. 19, 2007). In contrast, an insurer is not entitled to judgment as a matter of law where, viewing the facts in the light most favorable to the insured, a jury could conclude that the insurer acted unreasonably. 2 Witkin, <u>Summ Cal. Law</u>, Insurance § 240A, at 230 (10th ed. 2005, 2015 Supp.) (citing <u>Wilson</u>, 42 Cal. 4th at 724. Indeed, "reasonableness is generally a question of fact for the jury," <u>West v. State Farm Fire & Cas. Co.</u>, 868 F.2d 348, 350 (9th Cir. 1989), and may only be decided as a matter of law when "reasonable minds could not differ." <u>Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.</u>, 90 Cal App. 4th335, 346 (2001). Where, as here, questions remain about the reasonableness of Golden Eagle's denial of coverage, the proper course is to submit the question of such reasonableness to the jury. <u>See</u> <u>Tower Ins. Co. of New York</u>, 2011 WL 6294485, at *8 (finding summary judgment for insurer as to insured's bad faith claim inappropriate where a "question for the jury [remained] as to whether [insurer's] analysis and characterization of the complaint and extrinsic facts were unreasonable").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL          'O'

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|-------------------------|------|-----------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

Thus, Golden Eagle has failed to carry its initial burden to point to evidence in the record indicating the absence of facts necessary to establish Convergence's and Nieves's claims for bad faith.  See Celotex, 477 U.S. at 323.  The Court therefore **DENIES** Golden Eagle's motion for summary judgment on these claims.

### C.    Defendant's Motion to Compel Arbitration and Stay Plaintiffs' Claims in the Instant Proceeding

In addition to its motion for summary judgment, Golden Eagle simultaneously filed a motion to compel arbitration and stay claims in the instant action, pending the arbitrator's decision.  Dkt. 69.  Golden Eagle contends that while the complaint in this matter made clear that plaintiffs were seeking the fees and costs they incurred from April 2012 through December 6, 2012 (i.e., for legal costs incurred in the period predating Golden Eagle's acknowledgment of its duty to defend), the complaint left unclear whether the damages claim also included amounts deducted by Golden Eagle in its payment to Independent Counsel.  Mot. Cmpl. Arb. at 5-6.  Golden Eagle therefore served a Request for Production and Interrogatories on plaintiffs, specifically seeking clarification on whether plaintiffs' damages claim included amounts deducted by Golden Eagle in its payment to Independent Counsel.  Id. at 6.  According to Golden Eagle, plaintiffs' interrogatory responses made clear that they are contesting the reasonableness of Golden's Eagle's refusal to pay Independent Counsel's hourly rate and are therefore seeking the amounts that Golden Eagle deducted before paying Independent Counsel.  Id.  Golden Eagle contends that plaintiffs' "interjection of this Cumis counsel fee dispute raises an issue for which arbitration is mandatory" under California Civil Code Section 2860 ("Section 2860").[12]  Id.  Accordingly, Golden Eagle filed the instant motion to

_____

[12] Generally, when the duty to defend arises, an insurer may discharge that duty by appointing counsel to defend the insured.  However, insurer-appointed counsel face a conflict of interest when defending cases in which the conduct of the defense could affect whether that claim is covered under the insurance policy.  When such a conflict of interest arises, an insurer may be required to provide independent counsel to defend the insured.  "California courts first recognized the right to independent counsel at an insurer's expense, if a conflict of interest exists between an insurer and its insured based on possible noncoverage under an insurance policy, in San Diego Navy Federal Credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**           **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
| --- | --- | --- | --- |
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

compel arbitration as to the fee dispute arising out of Golden Eagle's payment of independent counsel, and to stay claims in the instant action, pending the arbitrator's decision.

California Civil Code Section 2860(c) mandates arbitration for attorney's fee disputes between an insurer and its insured in certain situations. The section provides:

> When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) errors and omissions coverage. The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended. This subdivision does not invalidate other different or additional policy provisions pertaining to attorney's fees or providing for methods of settlement of disputes concerning those fees. Any dispute concerning attorney's fees not resolved by these

Union v. Cumis Ins. Society Inc., 162 Cal. App. 3d 358 (1984)." Park Townsend, LLC v. Clarendon Am. Ins. Co., 916 F. Supp. 2d 1045, 1053 (N.D. Cal. 2013). "The Cumis opinion was codified in 1987 by the enactment of Civil Code section 2860, which 'clarifies and limits' the rights and responsibilities of insurer and insured as set forth in Cumis." James 3 Corp. v. Truck Ins. Exchange, 91 Cal. App. 4th 1093, 1100 (2001). Specifically, California Civil Code § 2860 provides that, "[i]f the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured . . . ." Cal. Civ. Code § 2860(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

methods shall be resolved by final and binding arbitration by a
single neutral arbitrator selected by the parties to the dispute.

Cal. Civ. Code § 2860(c) (emphasis added).

        Generally, "'[t]o take advantage of the provisions of [Section] 2860, an insurer
must meet its duty to defend and accept tender of the insured's defense, subject to a
reservation of rights.'" J.R. Mktg., L.L.C. v. Hartford Cas. Ins. Co., 158 Cal. Rptr. 3d 41,
49, review granted and opinion superseded sub nom. Hartford Cas. Ins. v. J.R. Mktg., 308
P.3d 860 (Cal. 2013) and aff'd in part, rev'd in part on other grounds sub nom. Hartford
Cas. Ins. Co. v. J.R. Mktg., L.L.C., No. S211645, 2015 WL 4716917 (Cal. Aug. 10,
2015) (citing Atmel Corp. v. St. Paul Fire & Marine, 426 F.Supp.2d 1039, 1047 (N.D.
Cal. 2005). When, "to the contrary, the insurer fails to meet its duty to defend and accept
tender, the insurer forfeits the protections of section 2860, including its statutory
limitations on independent counsel's fee rates and resolution of fee disputes." J.R. Mktg.,
L.L.C., 158 Cal. Rptr. 3d at 49.

        Golden Eagle maintains that its duty to defend arose on December 6, 2012,
following plaintiffs' submission of additional extrinsic evidence, and that it thereafter
fulfilled its duty to defend, subject to a reservation of rights. It argues that Compulink
Management Center, Inc. v. St. Paul Fire & Marine Ins. Co., 169 Cal.App.4th 289 (2008)
is controlling and compels arbitration of the fee dispute. Mot. Cmpl. Arb. at 7. In
Compulink, the California Court of Appeal granted a motion to compel arbitration under
Section 2860(c) even though the insured claimed the insurer failed timely to accept a
defense, underpaid and delayed payments of legal fees, reneged on agreements regarding
defense costs and hourly fees, impeded settlement, and refused to contribute adequate
amounts to settlements. Compulink, 169 Cal. App. 4th at 293. The Compulink court
explained that "[w]hile [the insured's] complaint alleges wrongful conduct beyond the
mere failure to pay attorney's fees, the parties do not dispute that the amount of
attorney's fees owed by [the insurer] is a contested issue in this action. Pursuant to
section 2860, subdivision (c), that issue must be resolved by an arbitrator . . . [the bad
faith settlement claims] fall outside the scope of section 2860's arbitration provision, and
thus are to be adjudicated in the trial court." Id. at 300. In other words, "the presence of
other non-arbitrable issues in an action does not preclude arbitration of Cumis fee issues,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|---|---|---|---|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

as long as any disputed matters regarding the duty to defend . . . are resolved by the trial court." Id.

However, as explained in Intergulf Dev. v. Superior Court, 183 Cal. App. 4th 16 (2010), upon which plaintiffs primarily rely in their reply, Compulink "did not involve the preliminary question of duty to defend or disputes over if and when the insurer recognized the insured's right to select independent counsel." Id. at 21.  Therefore, the proceedings in Compulink could "take place on two parallel tracks—the issues of bad faith and breach of the duty to defend would remain with the trial court, while the alleged Cumis fee dispute would be arbitrated."  Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am., 2010 WL 10875087, at *11 (C.D. Cal. Dec. 28, 2010) (citing Compulink, 169 Cal.App.4th at 300).

In the instant case, the preliminary question of duty to defend remains an open one. As the court in Intergulf explained, "[An insured's] entitlement to damages for breach of contract and bad faith turns on: (1) whether [the insurer] owed [the insured] a duty to defend in the first instance; and (2) whether [the insurer] breached that duty by failing to defend [the insured] 'immediately' and 'entirely' on tender of the defense." Intergulf, 183 Cal. App. 4th at 21 (citing Buss, 16 Cal.4th at 49; and Montrose, 6 Cal.4th at 295).  In Intergulf, "[n]either of these questions had been resolved at the time the [trial] court granted [the insurer's] petition to compel binding arbitration of the purported fee dispute pursuant to section 2860, subdivision (c)." Id. at 21.  Accordingly, the Court of Appeal reversed the trial court's order compelling arbitration under section 2860, explaining that "[a] later determination that [the insurer] acted in bad faith or breached its duty to defend would place the section 2860, subdivision (c) procedures out of [the insurer's] reach." Id. Intergulf thus prevents fee arbitration until resolution of certain threshold issues that could affect the availability and propriety of arbitration under Section 2860.  Of course, the question of whether the insurer breached its duty to defend is one such threshold issue.

For the foregoing reasons, the court **DENIES without prejudice** Golden Eagle's motion to compel arbitration and stay claims in the instant action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-05536-CAS(VBKx) | Date | August 18, 2015 |
|----------|-------------------------|------|-----------------|
| Title | ANTHONY NIEVES ET AL. V. TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ET AL. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Golden Eagle's motion for summary judgment as to plaintiff Five Star.  The Court also **GRANTS** Golden Eagle's motion for summary judgment insofar as it is based on the duty to indemnify plaintiffs Convergence and Nieves.  The remainder of Golden Eagle's motions are otherwise **DENIED**.  The Court further **GRANTS** plaintiffs Convergence and Nieves leave to file a motion for summary judgment on or before August 28, 2015.

IT IS SO ORDERED.

|  | 00 | : | 25 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |